IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:07CV00188-C

| | |
|---|---|
| DOUGLAS J. KILGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) |
| SCHERING-PLOUGH CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendant's "Motion for Change of Venue to the United States District Court for the Middle District of North Carolina" (document #5) and "Memorandum of Law Supporting . . ." (document #6), both filed May 4, 2007. After being prompted by a call from chambers reminding counsel that her response was overdue, the Plaintiff filed its "Memorandum of Law in Opposition . . ." (document #11) June 20, 2007. On June 27, 2007, the Defendant filed its "Reply Memorandum . . ." (document #14).

The instant motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for disposition.

Having considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Defendant's Motion, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action seeking damages for alleged negligence, failure to warn, gross negligence, and breach of an implied warranty of fitness. The Plaintiff, Douglas J. Kilgus, a citizen and resident

of Forsyth County, North Carolina and formerly practicing orthopedic surgeon at Wake Forest University Baptist Medical Center in Winston-Salem, North Carolina, was diagnosed with Hepatitis C. As prescribed by his New York physician, Dr. Hillel Tobias, the Plaintiff's Hepatitis C was treated with injections of Interferon alpha 2b ("Inferon") for approximately two years.

The Defendant is an international pharmaceutical corporation with its world headquarters located in Kenilworth, New Jersey. The Defendant develops, manufactures, and markets Interferon, a prescription drug that has been used to treat Hepatitis C. Interferon is considered by the FDA to be a "black box" drug because of the many serious side effects known to accompany it. Allegedly unknown to the Plaintiff, one of the unreported side effects is short term memory loss.

In early 2005, the Chairman of the Department of Orthopedics at Wake Forest University Medical Center ("Chairman") learned that the Plaintiff was suffering short term memory loss. As a result, the Plaintiff was asked to take medical leave, to stop operating, and to seek medical treatment. The Plaintiff followed these directives, seeking treatment from neuropsychology specialist Dr. Claudia H. Kawas, Professor of Neurology and Neurobiology and Behavior at the University of California, and Dr. Cecile E. Naylor, Neuropsychologist at Wake Forest University School of Medicine. The Plaintiff's test scores remained weak and his memory as of September 2006 was "vulnerable to depression with significant weaknesses that are known to take a toll on cognitive skills." On December 19, 2006, the Chairman informed the Plaintiff that he would be unable to return to his surgical position, and thereafter he was deemed to be qualified for disability income.

On March 15, 2007, the Plaintiff filed an action in the Superior Court of Mecklenburg County. The Defendant removed the action to this Court on March 14, 2007. Removal has not been challenged and appears to be proper.

On May 4, 2007, the day after the Notice of Removal was filed, the Defendant filed both a

"Motion for Change of Venue to the United States District Court for the Middle District of North Carolina" (document #5) and a "Memorandum of Law Supporting . . ." (document #6). The Plaintiff filed an untimely "Memorandum of Law in Opposition . . ." (document #11) June 20, 2007.[1] On June 27, 2007, the Defendant filed its "Reply Memorandum . . ." (document #14). The subject Motion is now ripe for determination.

## II. CONCLUSIONS OF LAW

The Defendant moves for a change of venue to the Middle District of North Carolina, noting that all relevant events that occurred in North Carolina occurred in that district. Conversely, the Defendant notes that the only connection with the Western District is the fact that Plaintiff's counsel resides and practices here.

Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has noted that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted).

The factors to be considered in deciding a transfer motion include:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

---

[1] The Court notes and shares the Defendant's concern over the untimeliness of the Plaintiff's Response. Nevertheless, given the preference for deciding issues on the merits, the Court has considered the substantive arguments made in the Plaintiff's untimely Memorandum of Law in Opposition.

5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F. Supp. 205, 211-12 (W.D.N.C. 1992), citing Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990).

In the case at bar, the Plaintiff's choice of forum was Mecklenburg County, North Carolina (and therefore, once removed to federal court, the U.S. District Court for the Western District of North Carolina). The Plaintiff argues that it will be more convenient and less expensive (for him) if his Charlotte counsel can litigate and try this case in Charlotte. He also argues that it would be more convenient for out-of-town witnesses, including the doctors from California and New York, and any of the Defendant's employees from New Jersey or abroad, to fly into Charlotte's International Airport than to fly into the regional airport servicing Winston-Salem.

The plaintiff's choice of forum is ordinarily entitled to "great weight," and should not lightly be disturbed. Id. at 212, citing Uniprop, 753 F. Supp. at 1322; and Western Steer-Mom N'Pop's, Inc. v. FMT Investments, Inc., 578 F. Supp. 260, 265 (W.D.N.C. 1984). However, the "plaintiff's choice of forum is not entitled to substantial weight if the plaintiff chooses a foreign forum, or the cause of action bears little or no relation to that forum." U.S. Ship Management, Inc. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 936 (E.D.Va. 2005). On this key point, see also Production Group Int'l, Inc. v. Goldman, 337 F. Supp. 2d 788, 799 (E.D. Va. 2004) (plaintiff's choice of home forum entitled to greater weight than selection of foreign forum); and Parham v. Weave Corp., 323 F. Supp. 2d 670,

4

673 (M.D.N.C. 2004) (weight given plaintiff's choice of forum is proportionate to the relationship between forum and the specific cause of action).

The Court finds Defendant's argument for a change of venue persuasive. Whatever weight is ascribed to the Plaintiff's choice of a foreign forum, it is clear that the only connection between this litigation and the Western District of North Carolina is the Plaintiff's lawyer (with whom the undersigned is well acquainted and for whom the undersigned has much respect). As the Defendant correctly notes, <u>all</u> other North Carolina connections with this litigation are in the Middle District. These include the Plaintiff's residence; the Plaintiff's former place of employment (Baptist Medical Center in Winston Salem); relevant employment records; the place where the Plaintiff injected the accused drug and allegedly suffered short term memory loss as a result; the Chairman of the Baptist Medical Center's Department of Orthopedics who placed the Plaintiff on medical leave, required that he cease performing surgery, and ultimately determined that the Plaintiff's injuries precluded his further employment by the hospital; and one of the Plaintiff's treating physicians (Cecile E. Naylor, M.D.).

Considering the fact that <u>all</u> North Carolina evidence and witnesses are in the Middle District, in addition to diminishing the weight given the Plaintiff's choice of forum, this fact causes other factors to weigh in favor of a change of venue. These factors include the residence of one of the parties (the Plaintiff), the relative ease of access of proof, the costs of obtaining attendance of willing witnesses, and the interest in having localized controversies settled at home. All remaining factors are neutral, that is, they favor neither the Middle nor the Western District of North Carolina.

In short, applying the above noted factors governing venue to this particular case virtually compels one conclusion: this action should have been brought, and should hereafter be litigated, in the Middle District of North Carolina. <u>Accord</u> <u>American Motorist Insur. Co v. CTS Corp.</u>, 356 F.

Supp 2d 583, 584-89 (W.D.N.C. 2005) (transferring action filed in plaintiff's <u>home</u> forum to Indiana where the parties' corporate headquarters and a majority of the witnesses were in Indiana and Illinois and relevant factors otherwise outweighed the plaintiff's choice of forum). That being the case, the Defendant's Motion for Change of Venue will be <u>granted</u>.

### III. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. The Defendant's "Motion for Change of Venue to the United States District Court for the Middle District of North Carolina" (document #5) is **GRANTED**; and this action is **TRANSFERRED** to the Middle District of North Carolina.

2. The Clerk is hereby directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad Jr</u>.

**SO ORDERED**.

Signed: July 9, 2007

_____
Carl Horn, III
United States Magistrate Judge